PER CURIAM:
These two claims, alleging loss of property, were consolidated and came on for hearing on January 15, 1986 upon respondent's Motion to Dismiss. The Court, at claimant's request, permitted claimant's Answer to Respondent's Motion to Dismiss filed in Claim No. CC-84-326 to serve as the Answer in Claim No. CC-84-271 also. The Court amended the style of Claim No. CC-84-271 to delete Danny R. Campbell as a respondent party, as the Court lacks jurisdiction over an individual.
Claimant has been incarcerated at West Virginia Penitentiary since December 10, 1968. He alleges that respondent was negligent in failing to safeguard his property acquired for the operation of both a radio and T.VS. repair shop and a woodworking or hobby shop. The repair shop was operated by claimant until it was closed by Deputy Superintendent Danny R. Campbell on February 1, 1979. The property in the repair shop included equipment to be repaired, tools, and books. In November 1973, claimant Plantz and fellow inmate William Creamens created the woodworking shop. On April 3, 1980, the woodworking shop's operation was terminated by officials at the penitentiary. The property in the woodworking shop included tools, wood, glue, stain and varnishes. The property of both of these enterprises was never recovered by claimant.
On March 14, 1980, claimant filed a complaint in the U. S. District Court regarding his property loss in the radio and T.VS. repair shop. On March 2-1, 1983, the Court entered an Order granting respondent's Motion for Summary Judgment. On February 25, 1981, claimant Plantz and William Cremeans filed a complaint in U. S. District Court regarding their property loss in the woodworking shop. On April 8, 1983, the Court entered an Order dismissing the action. .
*108 One of the contentions of the respondent's Motion to Dismiss is that both claims are barred by the statute of limitations. Claimant alleges, in his Answer to respondent's Motion to Dismiss, that "The Respondents have denied the claimant access to the court by confining him in a way which he was not allowed access to legal materials to enable him to bring his claim to the court." West Virginia Code §55-2-18 provides that after abatement, dismissal, etc. of an action commenced within due time, a new action may be brought within one year after such abatement, dismissal, or other cause . . . Claim No. CC-84-271 was filed October 11, 1984, and Claim No. CC-84-326 was filed December 11, 1984. Neither claim was timely filed
After careful review of the evidence presented, the Court finds that under the provisions of W.Va. Code 14-2-21, it does not have jurisdiction over claims which are not filed within the time specified by the applicable statute of limitations. The Court must, therefore, sustain respondent's Motion to Dismiss and dismiss the claims.
Claims dismissed.